UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INSTITUTE FOR THE STUDY OF
COHERENCE AND EMERGENCE,
INC. and MICHAEL R. LISSACK

      Plaintiffs,

v.                                    Case No: 2:13-cv-594-FtM-29CM

GREAT AMERICAN INSURANCE
COMPANY,

      Defendant.

_____

**ORDER**

    This matter comes before the Court on review of the Complaint
(Doc. #1) filed on August 16, 2013.[1]  Subject-matter jurisdiction
is premised on the presence of diversity of jurisdiction between
the parties.  (Id., ¶¶ 4-5.)  This requires complete diversity of
citizenship, and that the matter in controversy exceed the sum or
value of $75,000, exclusive of interest and costs.  28 U.S.C.
§ 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261
(11th Cir. 2000).

    Plaintiffs state that this is an action for damages in excess
of $75,000, however there are no factual allegations to support

_____

    [1] If the Court determines "at any time" that it lacks subject-
matter jurisdiction, the Court must dismiss the case.  Fed. R.
Civ. P. 12(h)(3).

this amount in controversy.  Attached is the insurance policy and the complaint from the underlying lawsuit alleges 52 counts of copyright infringement, however the amount of damages sought for the infringement are not detailed.  Therefore, plaintiffs will be required to amend for this purpose.

To the extent plaintiff relies upon 28 U.S.C. § 2201 as a basis for jurisdiction, the Declaratory Judgment Act is "procedural only" and does not provide a basis for subject-matter jurisdiction.  Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 848 (2014); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

Plaintiffs allege that plaintiff Michael R. Lissack is a "resident" of Collier County, Florida. (Doc. #1, ¶ 2.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he

has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiffs have failed to properly allege the citizenship of the individually named plaintiff. Therefore, no diversity of jurisdiction is alleged.

Plaintiffs further allege that plaintiff Institute for the Study of Coherence and Emergence, Inc. is a Massachusetts corporation conducting business in Florida, and defendant Great American Insurance Company is an Ohio corporation conducting business in Florida with a registered agent in Florida. (Doc. #1, ¶¶ 1, 3.) A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 559 U.S. 77 (2010). Plaintiffs have not properly alleged the citizenship of the corporate parties and therefore no diversity of jurisdiction exists as pled.

Plaintiffs will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. #1) is **dismissed** for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

2. Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Doc. #15) is **DENIED** as moot.[2]

    **DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of February, 2014.

_____

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

---

[2] Defendant is reminded that a motion and memorandum in support must be filed "in a single document". See M.D. Fla. R. 3.01(a).

4